IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
NOV 16 2016
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| vs. ) | |
| ) | |
| DEBORAH PIERCE, ) | 4:16CR502 CEJ/PLC |
| ) | |
| Defendant. ) | |

**INDICTMENT**

**COUNT I**

The Grand Jury charges that:

*Introduction*

1. At all relevant times, the Defendant Deborah Pierce was a professor and employee of Webster University, an institution of higher education headquartered in St. Louis County, Missouri.

2. At all relevant times, the Confucius Institute was an organ of the People's Republic of China dedicated to the promotion of Chinese language and culture.

3. At some point in 2007, the Confucius Institute and Webster University agreed to establish a chapter of the Confucius Institute at Webster University ("WUCI"). This agreement included agreements for funding, sponsorship of academic research and community outreach programs, among other things.

4. In 2007, Defendant was appointed Director of the WUCI. As Director, Defendant oversaw the financial accounts of the WUCI.

*The Scheme*

5. On or about September 18, 2013, without the knowledge or authority of Webster University, the Defendant opened a financial account at Commerce Bank (the "account)

and directed most of the financial activities of the WUCI to it. From its inception until March 1, 2016, Defendant had sole control of the account.

6. The Defendant provided her home address as the address of the WUCI even though the WUCI is located on the Webster University campus. By listing her personal address, Defendant ensured that no correspondence from Commerce Bank relating to the account was directed to Webster University. The Defendant arranged for online access but on at least one occasion, a statement was directed from Commerce Bank to Defendant's address in St. Louis, Missouri.

7. Shortly after opening the account and continuing through June 2016, Defendant used the account and her sole control of it to divert WUCI funds for her personal use and benefit.

8. It was a part of the scheme, by way of example, that on or about November 19, 2014, the Defendant diverted a payment of $20,619.91 from the account to the retirement fund of her husband.

9. It was a further part of the scheme, by way of example, that in March and April of 2014 the Defendant made two payments totaling $9,500 on her son's federal student loan.

10. It was a further part of the scheme, by way of example, that on or about February 12, 2014, the Defendant wrote herself a check for $10,000 and cashed it.

11. It was a further part of the scheme that, during the life of the scheme, the Defendant diverted more than $100,000 in WUCI funds to her own benefit by directing funds to personal credit card accounts and other accounts of her family members.

12. It was a further part of the scheme that, during the life of the scheme, the Defendant diverted more than $36,000 in WUCI funds to her own benefit through checks made out to "cash," ATM withdrawals and cash taken from deposits intended for WUCI.

13. It was a further part of the scheme that, Defendant did not prepare or cause to be prepared any federal or state tax returns to be filed under the Employer Information Number associated with the account. Additionally, no financial reports of any kind showing the Defendant's withdrawals, payments or checks to cash was provided to any office or employee of Webster University.

14. In all, more than $380,000 of WUCI funds are missing from the period of the fraud scheme during which time Defendant had sole control of the account.

*Offense Conduct*

15. On or about May 1, 2015, having devised the foregoing scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises and for the purpose of executing the same,

**DEBORAH PIERCE,**

the Defendant herein did use and cause to be used the United States mail.

In violation of Title 18, United States Code Section 1341.

**FORFEITURE ALLEGATION**

The United States Attorney further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 981(a) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1341 as set forth in Count I, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to such violation(s).

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to such violation(s) or involved in such offense(s), or any property traceable to such offense(s).

3. If any of the property described above, as a result of any act or omission of the defendant(s):

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty, the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
Thomas C. Albus, #46224MO
Assistant United States Attorney