

ROSENBLUM SCHWARTZ ROGERS & GLASS, P.C.

N. Scott Rosenblum*  Michael J. Mettes*  Marc Johnson
Joel J Schwartz     Eric M. Selig      Brianne Besheer*
John P. Rogers*     Matthew D. Fry     Nathan T. Swanson*
Jenna K. Glass      Gilbert C. Sison*  Hannah Zhao
Adam D. Fein        Timothy J. Hunsaker*  * Licensed in Missouri & Illinois

December 12, 2016

Mr. Thomas C. Albus
Assistant United States Attorney
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102

    Re:    <u>United States of America v. Deborah Pierce</u>
             Case No.: 4:16-cr-502 CEJ (PLC)

Dear Mr. Albus:

    In accordance with Federal Rules of Criminal Procedure 12 and 16, as well as controlling case law concerning discovery, the Court's local rules, and the order signed by Magistrate Judge Patricia L. Cohen, Defendant hereby requests the following pretrial disclosure of evidence and information.

1. In a searchable format, any and all written or recorded statements, electronic or otherwise, including any emails, texts, or other electronic communications, made by Defendant;

2. Any written record containing the substance of any oral statement made by the Defendant, whether before or after arrest, in response to interrogation by any person then known to the Defendant to be a government agent;

3. The substance of any oral statement made by the Defendant before or after her arrest in response to interrogation by a then known-to-be government agent which the prosecution intends to offer in evidence at trial;

4. A written summary of the testimony the government intends to use at trial under Rules 702, 703 or 705 of the Federal Rules of Evidence, including a description of the witnesses' opinions, the basis and reasons therefor, and the witnesses' qualifications;

5. In a searchable format, a description of and access to any books, papers, documents, photographs, and tangible objects in electronic form or otherwise which are material to the preparation of the Defendant's defense or which the prosecution intends to use

       as evidence at trial, or which were used, obtained, or belong to the Defendant, including but not limited to, documents or other materials from the Confucius Institute, Webster University, Commerce Bank, or any other relevant cultural, educational, or financial institution.

6. The results or reports of any physical or mental examinations, and of scientific tests, including graphological comparisons, made in connection with this case, which are material to the Defendant's defense or are intended for use at trial;

7. Any and all information and material known to the government which may be favorable to the Defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963) and *United States v. Argurs*, 427 U.S. (1976);

8. The preservation of all case agent and law enforcement rough notes prepared in anticipation of, during the course of, or following the investigation of this or any related case;

9. Any and all things, objects, books, or records that were seized in this case in order for the Defendant to determine whether he has the standing to file a motion to suppress.

Sincerely,

Adam D. Fein

ADF/nk